UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Charles Lee LaTourelle,

Plaintiff,

vs. ORDER

David Christ, Linda Harper,

Defendants. Civ. No. 00-492 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of January, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion for Appointment of Counsel, and to Require Detailed Indexing, Justification, and Itemization. For these purposes, the Plaintiff appears pro se and no response has been filed by, or on behalf of, the Defendants, with respect to these Motions. The Defendants have filed a Motion for Summary Judgment which, in part, the Plaintiff opposes on the ground that his treating physician has failed to respond to the Plaintiff's letter request for the production of documents.

A. The Plaintiff's Motion for an Appointment of Counsel. In his Complaint, the Plaintiff alleges that he was denied adequate

JAN 17 2001

medical care while he was incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota, and that, as a result, his vision has unnecessarily deteriorated to the point that he is now almost blind. Accordingly, he has commenced this prisoner civil rights action, pursuant to Title 42 U.S.C. §1983, against the Defendants and, by this Motion, he requests an appointment of counsel. In support of this Motion, he stresses that he is indigent, and cannot afford to hire an attorney, and also, that he suffers from restricted vision.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination, by the Court, "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel, * * *").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be relatively uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claim, however, upon our review of the submissions which he has proffered to the Court thus far, we are satisfied that he possesses the capacity to develop and articulate the grievances which are presented by his Complaint, despite his visual impairment. Accordingly, we deny the Plaintiff's Motion for an appointment of counsel.

B. The Plaintiff's Motion Under Vaughn v. Rosen to Require Detailed Indexing, Justification, and Itemization.

According to the Plaintiff, on May 1, 2000, he sent a letter request to Dr. Tierney -- c/o Retina Consultants P.A., 406 Park Avenue Medical Center, 710 East 24th Street, Minneapolis, Minnesota -- requesting that the Plaintiff be sent all documents, in Dr. Tierney's care, regarding his medical treatment. Although the Plaintiff contends that Dr. Tierney's records were subpoenaed by him, purportedly on May 1, 2000, he makes no showing in support of that assertion. Rather, the Plaintiff has filed with the Court a copy of his letter request to Dr. Tierney which is expressly predicated upon the Federal Freedom of Information Act, Title 5 U.S.C. §§552 and 552a, and upon the Minnesota Data Practices Act, Minnesota Statutes Section 13.03 and 138.17. These statutes, however, pertain to government records, and the Plaintiff offers no suggestion as to why these statutes would authorize him to secure medical records from a doctor who, by every appearance, is engaged in the private practice of medicine.[1] Indeed, there is nothing in the Plaintiff's Complaint, or in his Motion papers, which would

[1]The only authority that the Plaintiff cites for this Motion -- namely, Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), is inapposite as it deals specifically with the Federal Freedom of Information Act which, as best as we can determine on this Record, is inapplicable here.

identify the specific role, if any, that Dr. Tierney has played in the context of the Plaintiff's current Complaint.

Nonetheless, the Plaintiff opposes the Defendants' Motion for Summary Judgment on the ground that Dr. Tierney has not, apparently, provided the Plaintiff with pertinent medical records. We note that the Plaintiff does not complain that the Defendants have failed to respond to the Plaintiff's Request for Production of Documents which, apparently, were served upon them on or about August 21, 2000. While, indulgently, we could construe the Plaintiff's objection to the entry of Summary Judgment, as a request, under Rule 56(f), Federal Rules of Civil Procedure, to defer a ruling until the Plaintiff is allowed to complete discovery with respect to Dr. Tierney, the Plaintiff has not demonstrated that he has pursued that discovery diligently.

In Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997), where our Court of Appeals was addressing a pointedly similar issue, in the context of the claims of several prisoners, that they had been unconstitutionally denied adequate medical treatment, the Court addressed the applicable rule as follows:

> While the trial court must give the parties adequate time to conduct discovery, see Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 1552, Rule 56(c) does not require the completion of all discovery before a court may properly grant summary judgment. In re TMJ Implants Prod. Liab. Litig., 113 F.3d at 1489. Rule

> 56(f) allows a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed. Id. at 1490. When seeking such a continuance, the party opposing summary judgment must file an affidavit with the trial court to show what specific facts further discovery might unveil. Huymphreys v. Roche Biomed. Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). "If a party opposing a summary judgment motion does not seek shelter under Rule 56(f) or otherwise ask for a continuance, a court generally does not abuse its discretion in granting summary judgment based on the record before it." In re TMJ Implants Prod. Liab. Litig., 113 F.3d at 1490.

See also, Roark v. City of Hazen, Arkansas, 189 F.3d 758, 762 (8th Cir. 1999).

While, liberally construed, we might envision the Plaintiff's opposition to the entry of Summary Judgment as a request for a continuance, he has not filed an Affidavit, as required by Rule 56(c), nor has he identified what a review of Dr. Tierney's would unveil, or likely unveil, in opposing Summary Judgment. In fact, on the Record presented, we are unable to determine when, if ever, the Plaintiff consulted with Dr. Tierney, or the medical condition that was examined -- other than, we presume, the Plaintiff's eyesight -- if a consultation had been performed.

On this Record, we have no authority to compel the production of documents that, on the evidence presented have not been subject to the jurisdiction of this Court and, in the absence of a competent showing, we decline the Plaintiff's request -- if a request

it should be -- to defer a ruling on the Defendants' Motion for Summary Judgment on some indefinite basis.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion for an Appointment of Counsel [Docket No. 14] is DENIED.

2. That the Plaintiff's Motion under Vaughn v. Rosen to Require Detailed Indexing, Justification and Itemization [Docket No. 15] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE