UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Charles Lee LaTourelle,

Plaintiff,

vs. REPORT AND RECOMMENDATION

David Crist, and
Linda Harder,

Defendants. Civ. No. 00-492 (ADM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of May, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendants' Motion for Summary Judgment. The Plaintiff appears pro se, and the Defendants appear by Kari Jo Ferguson, Assistant Minnesota Attorney General. For reasons which follow, we recommend that the Defendants' Motion for Summary Judgment be granted.

II. Factual and Procedural History

The Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota ("MCF-SW"). He is serving a life sentence, which was imposed by the Sterns County District Court, on January 7, 1982, following a Jury Verdict which

FILED MAY 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(25)

found him guilty of First Degree Murder. See, Affidavit of Lisa Rudeen, at ¶2.

On the face of the Plaintiff's Complaint, it is difficult to determine which of his rights he believes to have been violated. The whole of the Plaintiff's assertion is as follows:

> This cause of action is the result of plaintiff receiving "inadequate medical attention" while incarcerated at the Minnesota Correctional Facility-Stillwater under the authority of Warden David Crist by and through the supervision of Linda Harder as the former Health Service Unit Director. This action specifically involves plaintiff's claims of 'inadequate medical attention' of which it is fully documented that had plaintiff been both properly treated by physician and/or seen by or referred to specialist within due time of initial injury plaintiff's vision would not have regressed to point of actual disability. Plaintiff will be able to demonstrate to the court via actual medical documentation that had defendants properly treated plaintiff's initial injury with actual and qualified medical care, plaintiff's vision would not have regressed to partial blindness as is further assessed by other than institutional physician(s).

Complaint, at ¶IV.

Under a liberal construction, we interpret this allegation to be a claim of deliberate indifference to the Plaintiff's serious medical needs, in violation of the Eighth Amendment's protection against cruel and unusual punishment. See, Plaintiff's Rely and Objections to Joint Answer of Defendants, at 2 ("Estelle v. Gamble, 429 U.S. 97, 50 L.E.2d 251, 97 S.Ct. 285 (1976) clearly establishes that the

elementary principles of the cruel and unusual punishment clause of the Eighth Amendment establish the government's obligation to provide medical care for those whom it is punishing by incarceration.").

The Plaintiff's records show that he has received consultation with, and treatment by, medical specialists at St. Paul Ramsey Medical Center and Mercy Hospital for his eyes, and that he received glasses, medications, and evaluations, from the Department of Corrections Health Services. See, Exhibit A, Attached to Affidavit of Lisa Rudeen. In 1988 and 1989, the Plaintiff was taken to St. Paul Ramsey Medical Center Eye Clinic twelve times to receive treatment for optic nerve swelling, and an elevated optic disc. Id., at 7-10, 43-57. In March of 1998, the Plaintiff was again taken to the Eye Clinic, where he had a complete evaluation of his left eye. Id. at 61-63. In November of 1998, the Plaintiff received treatment for his eyes, at Mercy Hospital, by Dr. Tierney, who recorded that no follow-up was needed, but that the Plaintiff should control his blood pressure and diabetes. Id. at 69. In addition, during his incarceration, the Plaintiff has been seen approximately fifteen times by Department of Corrections Health Services staff for treatment to his eyes. See, Exhibit A, Attached to Affidavit of Lisa Rudeen. He has also received six pairs of eye glasses during his incarceration. Id.

The Plaintiff is currently receiving treatment for the following conditions: glaucoma in both eyes, diabetes, hypertension, and a lipid disorder. See, Affidavit of Cheryl Hagen, at ¶2. He receives prescription medication for the treatment of his glaucoma, and he is evaluated by an optometrist and an ophthalmologist. Id. The Plaintiff also receives medication to treat his diabetes, hypertension, and lipid disorder, and he is encouraged to lose weight. Id.

III. Discussion

A. Standard of Review. Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations. See, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue. See, Krentz v. Robertson, 228 F.3d 897, 901 (8th Cir. 2000); Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000); Carter v. St. Louis Univ., 167 F.3d 398, 400 (8th Cir. 1999). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a

reasonable Jury could return a verdict for the nonmoving party. See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Herring v. Canada Life Assurance, 207 F.3d 1026 (8th Cir. 2000); Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998); Dodd v. Runyon, 114 F.3d 726, 729 (8th Cir. 1997).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute. In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999); Jauregui v. Carter Manufacturing Co., 173 F.3d 1076, 1085 (8th Cir. 1999). Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra at 322; see also, Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000); Greer v. Schoop, 141 F.3d 824, 826 (8th Cir. 1998). No genuine issue of fact exists in such a case

because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 510 (8th Cir. 1995); Settle v. Ross, 992 F.3d 162, 163 (8th Cir. 1993).

B. Legal Analysis. One condition of confinement, to which the Eighth Amendment's protections attach, "is the medical attention given to a prisoner." Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995). Of necessity, the circumstances of a prisoner's confinement restrict the free access that he might otherwise have in securing medical treatment. In a sense, a prisoner is at the forbearance of the prison officials for the provision of health care. As a consequence, Courts have recognized that a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. See, Bellecourt v. United States, 994 F.2d 427, 431 (8th Cir. 1993), cert. denied, 510 U.S. 1108 (1994), citing Estelle v. Gamble, supra at 104-05; Bailey v. Gardebring, 940 F.2d 1150, 1155 (8th Cir. 1991), cert. denied, 503 U.S. 952 (1992); DeGidio v. Pung, 920 F.2d 525, 531-32 (8th Cir. 1990).

An Eighth Amendment violation exists where the medical care, which is administered with respect to a prisoner's serious medical needs, "is so grossly incompetent or inadequate that it amounts to deliberate indifference." Bellecourt v. United States, 784 F. Supp. 623, 634 (D. Minn. 1992), aff'd, 994 F.2d 525 (8th Cir. 1993), citing Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990). It is not enough that the medical care provided is negligent; that the prisoner disagrees with the prison official as to the appropriateness of the medical treatment; or that there is a delay in the treatment that does not result in substantial harm to the inmate. See, Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation"), quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995); Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)("Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation"); Kayser v. Caspari, 16 F.3d 280 (8th Cir. 1994)(mere disagreement with course of treatment provided is not sufficient basis for Eighth Amendment violation).

As a general proposition, prison officials have violated the Eighth Amendment "only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the "deprivation alleged

must be, objectively, sufficiently serious." Id., citing Wilson v. Seiter, 501 U.S. 294, 298 (1991); Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994). Second, to be liable, a prison official "must have a sufficiently culpable state of mind," id., citing Wilson v. Seiter, supra at 302-03, and in cases, such as this one, a subjective standard -- namely, a "deliberate indifference" to an inmate's health and safety -- must be satisfied before a finding of liability can attach.

In Farmer, the Supreme Court elaborated upon the "deliberate indifference" standard by enunciating a "subjective test of culpability." Clark v. Armontrout, 28 F.3d 71, 72 (8th Cir. 1994). There, the Court held that "a prison official cannot be found liable under the Eighth Amendment * * * unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, supra at 832; see also, Brown v. Nix, supra at 955. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, supra at 837. Accordingly, an official cannot be held liable for an act or omission which is unaccompanied by the knowledge of a significant risk of harm, as such action, or inaction, "cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." Id.

Deliberate indifference applies, then, to the requisite state of mind of the defendant; it is apathy or unconcern. See, Oldham v. Chandler-Halford, 877 F. Supp. 1340, 1354 (N.D. Iowa 1995). The specific circumstances of each case must be examined. Id. For instance, in Foulks v. Cole County, Mo., 991 F.2d 454, 446-57 (8th Cir. 1993), a delay of several days in the treatment of a bleeding and bruised prisoner raised a fact issue as to whether the defendants had acted with deliberate indifference. However, a brief delay in treatment is not deliberate indifference. See, Mills v. Smith, 656 F.2d 337, 339-40 (8th Cir. 1981). Furthermore, there is no deliberate indifference where no treatment is available for a condition. See, Bailey v. Gardebring, 940 F.2d 1150, 1155 (8th Cir. 1991).

Moreover, nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. See, White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Prisoners do not have a constitutional right to any particular type of treatment. Id. at 327-28. So long as the independent judgment is informed, and well-intentioned, a prison doctor is not exposed to liability merely because the medical care provided did not produce its intended result. See, Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994); Taylor v. Turner, 884 F.2d 1088, 1090 (8th Cir. 1989).

The Plaintiff's contends that he developed an eye problem, assertedly as a result of an injury, which has since diminished his vision, to the point of a disability.[1] The Plaintiff does not elaborate on the injury which assertedly caused the deterioration in his vision, and does not provide the Court with any information as to the date of the alleged injury, or the extent of the deterioration of his vision.[2] Moreover, there is nothing in his medical file to enlighten the Court on these assertions. Rather, the Plaintiff merely rests on his allegation that the Defendants hastened the deterioration of his vision, thereby, purportedly, conducting themselves in a deliberately indifferent manner, in violation of the Eighth Amendment.

---

[1]Although we have limited information regarding the Plaintiff's claimed injury, for these purposes, we presume, without deciding, that the Plaintiff's eye condition presented a serious medical need -- one that would be easily recognizable to a layperson. Since we believe this case turns on the subjective component, we need not address whether the Plaintiff has satisfied the objective test, by establishing a serious medical need. As noted, however, a medical need is serious if it is one that would be "obvious to the layperson or supported by medical evidence, like a physician's diagnosis." Aswegen v. Henry, 49 F.3d 461, 464 (8th Cir. 1995); see also, Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)(serious medical need is present if "diagnosed by physician as requiring treatment," or if "so obvious that even a layperson would easily recognize the necessity for a doctor's attention.").

[2]The Plaintiff does allude to "partial blindness," although he does not provide any evidence to corroborate this conclusiory statement, nor does he provide the Court with an idea as to the extent of his "partial blindness."

The Plaintiff's claim fails for a number of reasons. First, as already noted, he has not provided any information for the Court to conclude that the Defendants did not properly respond to his eye problems. Indeed, as we have observed, the Plaintiff has been seen on a number of occasions by both physicians inside, and outside, of the Prison, most notably from 1988 to 1989, and again since 1998. In none of the notations contained in the Plaintiff's medical records, which were attached to the Defendant's Motion for Summary Judgment, does a physician report that the Plaintiff's eye condition deteriorated due to inaction on behalf of the Prison, or of the Plaintiff.

Similarly absent from the Plaintiff's proffer of evidence of purported deliberate indifference, on the Defendants' part, is any allegation, let alone evidence, that the Defendants had an indifferent or culpable state of mind with regard to the Plaintiff's care. It is not clear whether the Defendants had any hand in the decisions affecting the Plaintiff's eye condition, or even knew about the condition, as the Plaintiff's Complaint is devoid of any such allegation. The absence of any evidence of a deliberate disregard, for the Plaintiff's eye condition, undermines the subjective prong of his deliberate indifference claim. See, Farmer v. Brennan, supra at 832; Clark v. Armontrout, supra at 72. In the final analysis, the Plaintiff has presented no evidence to support

his claim that the Defendants were deliberately indifferent to the proper medical care of his eye condition and, therefore, we recommend that their Motion for Summary Judgment be granted.

THEREFORE, It is --

RECOMMENDED:

That the Defendants' Motion for Summary Judgment [Docket No. 17] be GRANTED.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 21, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 21, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.